JOSEPH HARTMAN, RESPONDENT, v. THE MAYOR, ALDERMEN, AND COMMONALTY OF THE CITY OF NEW YORK, APPELLANTS.

*Attendant in District Court in New York — admissibility of evidence showing that the authority of the appointing officer has been revoked — Variance between pleading and proof — Effect of Board of Apportionment making no appropriation.*

The plaintiff recovered a judgment for an amount alleged to be due to him for his salary as attendant for the Fourth District Court of the city of New York, from January 1, 1877 to June 1, 1877. He offered evidence tending to show that he had been appointed to the office of janitor by the justice of the said court, on the 15th day of March, 1870, who acted in accordance with a resolution of the common council, approved by the mayor on that day. Upon the trial the defendant offered to prove that on December 28, 1876, the resolution conferring such authority upon the justice was repealed.

*Held,* that the court erred in excluding the evidence.

*Quære,* as to the plaintiff's right to recover, without an amendment of the complaint, for services alleged to have been rendered as attendant upon proof of his appointment as janitor.

*Semble,* that where the board of apportionment of the city of New York makes no appropriation for the pay of such an officer, that he cannot recover for services thereafter rendered.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict directed by the court. The plaintiff brought this action to recover for services rendered as an attendant in the Fourth District Civil Court of the city of New York, from January 1, 1877 to June 1, 1877. He offered in evidence the following appointment:

CITY OF NEW YORK, FOURTH DISTRICT COURT HOUSE,
163 EAST HOUSTON STREET, *March* 15, 1870.

JOSEPH HARTMAN, Esq. :

SIR.— You are hereby appointed janitor of the District Court for the fourth judicial district, in accordance with resolution of the common council passed March 15, 1870.

ANTHONY HARTMAN,
*Justice.*

And also a resolution of the common council of the city of New York which was as follows :

*Resolved,* That the justices 'assigned to each of the Police Courts in this city, and the justices of the several District Civil Courts be and they are hereby authorized and empowered to appoint a janitor for each of said Police and Civil Courts, at an annual salary cf $1,500 each, payable monthly.

Adopted by board of aldermen March 14, 1870, and by the board of assistant aldermen March 14, 1870.

Approved by the mayor, March 15, 1870.

*David J. Dean,* for the appellants.

*Elliot Sandford,* for the respondent.

DAVIS, P. J. :

There are numerous reasons why this judgment should be **reversed** and a new trial ordered.

The plaintiff sought to recover for services as an attendant of the Fourth District Civil Court of the city of New York, alleging that he had been employed by the defendants and appointed by the justice of said court as an attendant or officer of said court, at an annual salary of $1,500 ; and that he had not been paid for his services from January 1, 1877 to June 1, 1877, although he had performed his duties. These allegations were distinctly denied by the answer. The plaintiff proved that he was appointed the janitor of that court on the 15th of March, 1870, by Anthony Hartman, justice of the District Court of the fourth judicial district, in accordance with a resolution of the common council passed on that day. This evidence was objected to on the ground, amongst others, that the action was brought to recover the salary of an attendant, and not that of a janitor. It appeared that the office or position of janitor, and attendant were entirely distinct, and that the salaries of attendants were $1,200 and the salary of the janitor $1,500. The plaintiff did not ask leave to amend his complaint in any respect, but was allowed, against the objection of the defendants, to prove his appointment and service as a janitor and recover the salary for such service. Notwithstanding the averments of his complaint upon which issue had been taken, the court might properly have allowed an amendment upon such terms as might be deemed proper, on application by the plaintiff, if satisfied that the defendants had not been misled by the allegations of the complaint. But the defendants would be entitled to be heard upon the question of amendment and its terms; and it was not proper, therefore, to overrule the objection and allow a case to be proved different from that alleged. The judgment-roll in this action, made upon the pleadings and verdict, does not show upon its face a defense to a future action to recover for salary as janitor. We might, perhaps, make the proper amendment now, but as there must be a new trial for other reasons we think it unnecessary to do more than suggest this error.

It appeared that the plaintiff was appointed by resolution of the common council conferring the power to make such appointment on the justice of the District Court. The justice derived power from no other source. The defendants offered to show that that resolution giving the authority was repealed December 28, 1876. The evidence was excluded. This ruling was erroneous. The time

for which the plaintiff has been allowed to recover was subsequent to January, 1877. The rescission of the resolution under which the appointment was made terminated the authority of the justice to continue the services of the plaintiff. The resolution should have been received; and if it established what is claimed by the defendants, the further continuance of the plaintiff in the position of janitor would have been without authority of law and without power.

Again the defendants offered to show that the justice of the Fourth Civil District Court submitted to the board of apportionment his estimate, asking for the salaries of two attendants at $1,200, and one janitor at $1,500; that the board of apportionment struck out the item for janitor's salary, and that the apportionment finally determined upon by the board provided only for two salaries of $1,200 each for two attendants.

Section 112 of the charter (chapter 335 of the Laws of 1873) provides that an estimate of the expenses to be incurred for the ensuing year, for salaries of a judge, his clerks and attendants, or officers, shall be made by the justice and transmitted to the board of apportionment; that such estimates shall be considered by the board of apportionment, together with any objections thereto or suggestions made by the board of aldermen, and finally adopted; and when adopted and signed, the several sums shall be and become appropriated to the several purposes and departments therein named. The statute further provides that no department or officer shall incur any expense for any purpose in excess of the sum appropriated for that purpose.

Since the legislature had referred to the board of apportionment the question of making appropriations for the salaries of attendants and officers, it is difficult to see why the restrictive provision of the statute does not apply in cases like the present, where the board has distinctly refused to make an appropriation for a janitor. It is not necessary to determine that question; but it seems quite clear to us that the court below should have received all the evidence bearing on the subject, instead of rejecting it, so that the court could have had the transactions of that board fully before it.

It is not necessary to go through all the several questions raised on the trial. Every particle of evidence offered on the part of the

defense was excluded, and in doing this the errors committed were such as clearly demand a reversal of the judgment and a new trial.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

BRADY, J. : I concur in the result.

BARRETT, J. :

I am in favor of a new trial upon the ground that the testimony which was excluded tended to make out a valid defense; but I am not prepared to say that the repeal of the resolution conferring upon the justice the power to make such appointments amounted, *ipso facto*, to a removal of the plaintiffs. Upon this and the other questions discussed, I prefer to reserve my judgment until the evidence is fully before us.

Judgment reversed; new trial ordered; costs to abide the event.